UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x

SECURITIES & EXCHANGE COMMISSION,  :

          *Plaintiff,*  :

    -against-  :      16 Civ. 3722 (LLS)

WILLIAM T. WALTERS and THOMAS C. DAVIS,  :

         *Defendants,*  :      **WILLIAM T. WALTERS'S FIRST REQUEST TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS**

    -and-  :

THE WALTERS GROUP, NATURE DEVELOPMENT :
B.V., and PHILIP A. MICKELSON,  :

         *Relief Defendants.*  :

———————————————————————————— x

        William T. Walters hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that plaintiff Securities and Exchange Commission produce for inspection within thirty (30) days of the date of service at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, all non-privileged documents designated below that are in plaintiff's possession, custody or control.

### Definitions

        A.     The "Action" means this Action insofar as it concerns William T. Walters, the Commission's claims against William T. Walters, or William T. Walters's actual or potential defenses to those claims, in the action titled *S.E.C. v. William T. Walters, et al.*, No. 16 Civ. 3722 (LLS) (S.D.N.Y.), and any related actions.

        B.     The "Complaint" means the complaint in this Action, dated May 19, 2016.

C.     "Darden" means Darden Restaurants, Inc. and its predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, and all persons or entities acting or purporting to act on its behalf or under its control.

D.     "Davis" means Thomas C. Davis, and any agent, attorney or individual acting on his behalf.

E.     "Dean Foods" means Dean Foods Company and its predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, and all persons or entities acting or purporting to act on its behalf or under its control.

F.     "Document" means documents or electronically stored information, including writings, e-mail, text messages, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained in a reasonably usable form.  A draft or non-identical copy is a separate Document within the meaning of this term.

G.     "Investigator" means any representative from the SEC, U.S. Attorney's Office ("USAO"), or any other government entity or agency or self-regulatory organization tasked with investigating this Action or any action involving similar or related claims as this Action.

H.     "Mickelson" means Philip A. Mickelson, and any agent, attorney or individual acting on his behalf.

I.     "Relevant Period" means the period January 1, 2006 through the present.

J.      The "SEC," the "Commission," "Plaintiff," or "You" means the Securities and Exchange Commission and its divisions or departments, commissioners, agents, representatives, directors, officers, employees, committees, attorneys, and all persons or entities acting or purporting to act on their behalf or under their control.

K.      "Walters" means William T. Walters, and any agent or individual acting on his behalf.

L.      "The Walters Group" means the Nevada partnership known as The Walters Group, based in Las Vegas, Nevada, and its subsidiaries, employees, agents, attorneys, consultants, and any other person or entity acting on its behalf.

M.      The following rules of construction apply to all discovery requests: (i) "all"/"any"/"each" shall be construed as encompassing any and all; (ii) "and"/"or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and (iii) the use of the singular form of any word includes the plural and vice versa.

Instructions

A.      For any term defined in the Complaint, the definition of that term in the Complaint applies to this Request for Documents.

B.      This Request is to be deemed a continuing request, and Documents that are responsive, but which are discovered subsequent to any production, should nevertheless be promptly produced in the same manner, and at the same address, as the initial production, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

C.      If any Document called for by this Request is withheld under a claim of privilege, furnish a list in accordance with Local Civil Rule 26.2(a), setting forth for each such Document:  (i) the nature of the privilege that is being claimed; (ii) the type of the Document

(e.g., letter, memo, handwritten notes); (iii) the general subject matter of the Document; (iv) the date of the Document; and (v) such other information as is sufficient to identify the Document, including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author and addressee to each other.

D.      If any Document requested was, but no longer is, within your possession, custody or control, please state in detail: (i) the author(s), sender(s), recipient(s) and copyee(s) of the Document; (ii) a summary of the contents of the Document; (iii) what disposition was made of such Document; (iv) the date of such disposition; (v) whether the original or a copy thereof is within the possession, custody or control of any other person; and (vi) if the answer to (v) is affirmative, the identity of such person.

E.      Unless otherwise agreed, all Documents shall be produced in their native electronic format or as single-page TIFF images together with standard load files (indicating the beginning and ending of each Document and any attachments), all relevant metadata and any searchable text contained in original electronic Documents, including, but not limited to: to, from, cc, bcc, subject, sent date, modified date, sent time, modified time, Document date, creation date, native file path, native file name and file type.  Spreadsheets and databases shall always be produced in native format when available.

F.      Pursuant to Fed. R. Civ. P. 34(b), you shall produce responsive Documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of the demand.  If there are no Documents responsive to any particularized request, you shall so state in writing.

G.      These definitions, instructions, and requests apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

H.       Unless otherwise specified, each request covers the Relevant Period.

<u>Documents Requested</u>

1.       All Documents received by the Commission from any person, company, or governmental entity, agency, department or authority, or regulatory organization in connection with any investigation or inquiry concerning the allegations and events that are the subject of this Action, pursuant to subpoena, formal or informal or written or oral request, voluntary production or any other method, including without limitation Documents requested and received before and after the Action was commenced.

2.       To the extent not covered by the prior request, all Documents received by the Commission from any person, company, or governmental entity, agency, department or authority, or regulatory organization in connection with the investigation *In the Matter of the Clorox Company* (SF-3735), pursuant to subpoena, formal or informal or written or oral request, voluntary production or any other method, at any time, including without limitation Documents requested and received before and after the Action was commenced.

3.       To the extent not covered by the prior requests, all Documents referenced in Section II of the Commission's Initial Disclosures, dated September 26, 2016, including without limitation all Documents identified in Attachment B of the Commission's Initial Disclosures, dated September 26, 2016.

4.       To the extent not covered by the prior requests, all cover letters, transmittal letters, indices, privilege logs, or other communications concerning the Documents responsive to Requests No. 1 and No. 2.

5.     All Documents concerning interviews, testimony, depositions, or other questioning, including without limitation transcripts, notes, memoranda, recordings or other preservation of any such interviews, testimony, deposition, or other questioning taken, conducted, or attended by the Commission, or by any other governmental entity, agency, department or authority, or regulatory organization, regarding the allegations and events that are the subject of this Action, including without limitation any interviews, testimony, depositions, or other questioning conducted in connection with the investigation *In the Matter of the Clorox Company* (SF-3735).

6.     All documents concerning Walters, from January 1, 2004 to the present.

7.     All Documents sufficient to identify all non-Investigator persons with whom the Commission communicated concerning the allegations and events that are the subject of this Action.

8.     All Documents concerning the individuals listed as "likely to have discoverable information" in the Commission's Initial Disclosures, dated September 26, 2016, including without limitation the individuals and entities identified in Attachment A in the Commission's Initial Disclosures, dated September 26, 2016.

9.     All communications with any of the individuals, entities, or their counsel listed as "likely to have discoverable information" in the Commission's Initial Disclosures, dated September 26, 2016, including without limitation the individuals and entities identified in Attachment A in the Commission's Initial Disclosures, dated September 26, 2016.

10.     All Documents relating to any investigation by the SEC, Financial Industry Regulatory Agency ("FINRA"), or any self-regulatory organization ("SRO") or any other governmental or regulatory authority, concerning the trading of securities in Dean Foods between January 1, 2008 and December 31, 2014.

11.     All Documents relating to any investigation by the SEC, FINRA, or any SRO or any other governmental or regulatory authority, concerning the trading of securities in Darden from July 1, 2013 to October 31, 2013.

12.     To the extent not covered by prior requests, all Documents concerning Plaintiff's allegations in the Complaint, including without limitation allegations relating to:

(a)     The dates when the alleged "scheme" began and ended;

(b)     The content of the alleged "material nonpublic" information regarding Dean Foods that was allegedly passed by Davis to Walters (e.g., Complaint ¶¶ 1, 17), including but not limited to the date and time of each alleged disclosure made by Davis;

(c)     The content of the "information" Davis allegedly received from the shareholder group identified in the Complaint (e.g., Complaint ¶ 60), including but not limited to the date and time of each alleged disclosure made to Davis;

(d)     The content of the "information" Davis allegedly "tipped" to Walters concerning Darden (e.g., Complaint ¶ 62), including but not limited to the date and time of each alleged disclosure made by Davis;

    (e)      The content of any alleged "tip[]" from Walters to Mickelson concerning Dean Foods (e.g., Complaint ¶ 51), including but not limited to the date and time of each alleged "tip" made by Walters;

    (f)      The "prepaid cellular phone" that Walters allegedly provided Davis and the "prepaid phone numbers" that Walters or Davis allegedly used (e.g., Complaint ¶¶ 47, 57);

    (g)      Any "secret code" that Walters allegedly dictated (e.g., Complaint ¶ 47);

    (h)      Walters's alleged knowledge or recklessness concerning (a) through (g) above and of the allegations and events that are the subject of this Action.

13.    All communications between the Commission and Davis, including without limitation any presentations by Davis to the Commission or settlement discussions between the Commission and Davis, between January 1, 2012 and the present.

14.    All communications between the Commission and Mickelson, including without limitation any presentations by Mickelson to the Commission or documents reflecting settlement discussions between the Commission and Mickelson, between January 1, 2012 and the present.

15.    To the extent not covered by prior requests, all Documents concerning Davis.

16.    To the extent not covered by prior requests, all Documents concerning The Walters Group or Nature Development, B.V.

17.     To the extent not covered by prior requests, all Documents concerning Mickelson.

Dated: New York, New York           KRAMER LEVIN NAFTALIS & FRANKEL LLP
       September 30, 2016

                                    By: _____
                                        Barry H. Berke
                                        Paul H. Schoeman
                                        Andrew J. Estes
                                        1177 Avenue of the Americas
                                        New York, New York  10036
                                        (212) 715-9100

                                    *Attorneys for Defendant William T. Walters*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing William T. Walters's First Request to Plaintiff for Production of Documents was served by causing a copy to be sent by email on this 30th day of September 2016 to the following individuals:

Alexander Mircea Vasilescu
Preethi Krishnamurthy
William Joseph Martin
Securities and Exchange Commission
Division of Enforcement
Three World Financial Center, Suite 400
New York, NY 10281
vasilescua@sec.gov
krishnamurthyp@sec.gov
martinw@sec.gov

Karen Kreuzkamp
Victor W Hong
Securities and Exchange Commission
44 Montgomery Street
San Francisco, CA 94104
kreuzkampk@sec.gov
hongv@sec.gov

Christopher J. Clark (and by U.S. mail)
Benjamin Naftalis
Thomas James Giblin
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
christopher.clark2@lw.com
benjamin.naftalis@lw.com
thomas.giblin@lw.com

James Lohman Sanders
Francisca Minghao Mok
Reed Smith LLP
1901 Avenue of The Stars, Suite 700
Los Angeles, CA 90067
jsanders@reedsmith.com
fmok@reedsmith.com

Jennifer Lynn Achilles
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
jachilles@reedsmith.com

Dated: New York, New York
September 30, 2016

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
Andrew J. Estes
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

*Attorneys for Defendant William T. Walters*