

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 17, 2017

**BY ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   United States v. William T. Walters, a/k/a "Billy,"
>         S1 16 Cr. 338 (PKC)

Dear Judge Castel:

The Government writes in response to the Proposed "Joint" Request to Charge filed by the defendant in the above-captioned case.[1]

First, the Government reiterates its request for not only the Court's standard charge with respect to general matters but the standard charges given in insider trading cases in this District. To that end, the Government has provided the Court with a courtesy copy of each charge given in the most relevant, recent insider trading cases in this District, to which we cite throughout our proposed charge. Rather than comment on every suggestion the defendant urges, the Government simply observes that the defendant's proposed supplements to the common instructions mostly seek to dress argument in the guise of charge or engage in redundant recitation which can only confuse the jury and unnecessarily prolong the Court's charge.

Second, we write to alert Your Honor to a few specific substantive issues, which we have detailed below.

1. Request No. 5, Accomplice/Cooperating Witness Testimony:

The defendant has added language to the last sentence of the second paragraph of the Government's proposed charge regarding Accomplice/Cooperating Witness Testimony. While

---

[1] The defendant's submission is referred to herein as the defendant's "Def. RTC" or the "Defendant's Proposed RTC."

Hon. P. Kevin Castel
February 17, 2017
Page 2 of 7

we do not take issue with the language itself, the addition is redundant of a concept that is already covered in the standard charge, and is thus unnecessary.

2. Request No. 6, Uncalled Witnesses – Equally Available:

Through his objections, the defendant makes clear that he either fundamentally misunderstands the nature of the Government's proposed charge – which is a standard charge regularly given in criminal trials in this District, including the insider trading trials cited in the Government's request – or that he is actively trying to mislead the Court with his objections. For example, the defense states that "the preferred course is to leave this topic to the argument of counsel," and cites Sand's *Modern Federal Jury Instructions* as support for this premise. (Def. RTC at 8). That misquotes the treatise. The full passage is as follows:

> This leaves the trial court with essentially three choices: to give no instruction, to give an instruction allowing the jury to draw an inference against either or both parties, or to give an instruction stating that no inference should be drawn against either party. There is authority supporting all three options, and it appears to be within the trial court's discretion to elect which course to follow. **For the reasons discussed below, the last option, charging that no inference should be drawn against either party, is recommended.** A number of courts have recommended the first option, that no instruction be given, preferring to leave this topic to the argument of counsel. . ..

*See* Leonard B. Sand et al*., Modern Federal Jury Instructions*, Instr. 6-7 Cmt. (emphasis added). The treatise then goes on to discuss that some courts recommend the second option as well, before ultimately supporting the wisdom of the third choice (the Government's proposal here). Thus, while it may be the defendant's *desired* course to leave the topic of uncalled witnesses to argument, it is not accurate to say that it is "the preferred course" – indeed, the very authority the defendant cites states that the "recommended" course is the one requested by the Government.

The defendant similarly misuses *United States* v. *Caccia*, which he cites for the proposition that a "missing witness charge [is] inappropriate" when a witness "is equally available to both sides." 122 F.3d 136, 139 (2d. Cir. 1997) (Def. RTC at 8). That is undoubtedly correct. But the issue is not a missing witness charge but rather an uncalled witness charge. The court in *Caccia* specifically drew a distinction between a "missing witness" charge, in which the jury is instructed that they may draw an inference against a party for failing to produce a witness who is peculiarly under the non-producing party's power, and an "uncalled witness" charge, which is requested here, and which would instruct the jury that no adverse inference should be drawn against either party when a witness equally available to both parties does not testify. Accordingly, the Government believes the jury should be instructed on the requested "uncalled witness" charge, as it was written in the Government's original request.

Hon. P. Kevin Castel
February 17, 2017
Page 3 of 7

3. Request No. 9, Audio Recordings and Transcripts:

While the defendant is correct that the first sentence of the Government's request in this case was not given in *Stewart* (as it was in *Riley*), Judge Swain's charge in *Stewart* addressed, generally, the fact that the admissibility of evidence was "purely a question of law in the province of the court and outside the province of the jury." *See, e.g., Stewart*, at 1578. To the extent that the defendant does not intend to argue that evidence the Court admits at trial was unlawfully obtained, this will likely be moot. In the event that the defense makes such an argument, however, the Government reserves the right to revisit this issue at the charge conference.

4. Request No, 13, Multiple Counts:

The Government has no objection to the defendant's requested additional language.

5. Request No. 14, Securities Fraud:

We have a number of responses and objections to defendant's proposed modification of this charge:

a) First, the defendant has added the word "illegal" to modify the term "inside information" throughout this charge, citing no support for his proposed modification – which makes sense, because no insider charge in this District supports such an addition. This is because the addition of the word "illegal" is improper, in that the crime is the illegal *use* of the "inside information" – that is, there is nothing "illegal" about the information itself, and to suggest there is would confuse the jury. Indeed, the addition of "illegal" before "inside information," theoretically imposes a burden on the Government to prove that the information itself was obtained by the insider in some illicit manner in the first instance – which, of course, is not something that the Government must prove nor is it consistent with the allegations in this case. Defendant's footnote incorrectly states the law – the information need not be *obtained* in an illegal manner or in breach of a duty, it must be *used* illegally. Accordingly, the Government objects to the inclusion of the term "illegal," and asks that the Court simply refer to "inside information," as is routinely done in insider trading cases in this District.

b) Second, the defendant has added language throughout this charge about Davis's expectation that the defendant would trade on the information that he, Davis, provided to the defendant. The Government has no objection to the inclusion of this language.

c) Next, on page 19 of the Defendant's Proposed RTC, the defendant has requested the inclusion of additional specific examples of where the defendant may have heard "rumors" regarding corporate events. For example, he has added "websites, online chat rooms, internet message boards" as examples of places where information may be publicly disseminated. While

3

Hon. P. Kevin Castel
February 17, 2017
Page 4 of 7

the defendant is free to offer evidence of such postings (if admissible), the inclusion of these examples in this charge is nothing more than argument and an attempt to improperly bolster the defense case.

    d)  In that same paragraph, the defendant also attempts to draw (arguably improper) conclusions about public versus non-public information.  The Government not only disputes some of the conclusions drawn by the defendant in this section, but submits that the issue of whether information is public or non-public is a matter properly for the jury, and that the inclusion of the defendant's requested language is nothing more than argument.  Accordingly, the Government objects to the inclusion of all of the underlined language in the body paragraph that stretches over pages 19 and 20 of the charge, with the exception of the very last sentence, which we believe is an accurate statement of the law: "Whether information is non-public is an issue of fact for you to decide."

    e)  The Government also objects to the inclusion of the last sentence preceding footnote 13 on page 20 of the Defendant's Proposed RTC.  While this instruction was given in *Steinberg*, it is redundant of the concept already explicit in this instruction, and is argument directed specifically at the theory of the defense in this case.

    f)  On page 21 of the Defendant's Proposed RTC, the Government believes the inclusion of the reasonable doubt standard in the first sentence is unnecessary and repetitive, given that the jury will be repeatedly instructed on this standard and that it must apply to all of the elements that the Government must prove.

    g)  The Government has no objection to the inclusion of the sentence that precedes footnote 14 on page 21 of the Defendant's Proposed RTC, as this is a correct statement of the law.  Everything that comes after that sentence, however, should be rejected.  The language suggested by the defendant is pure argument, dressed as a jury instruction.  Take, for example, the sentence ending before footnote 15.  The defendant cites no case where a comparable instruction has been given, and the Government is aware of none. This is likely because this proposition is more properly framed as argument to be made during the defense summation, and not presented as a statement of the law.  The same is true of the next sentence, where the defendant takes a general proposition of law from *Monarch Fund* v. *SEC* and twist it into an improper – and incorrect – statement of law, suggesting that the jury's determination on materiality should be tied to the economic risk undertaken by the defendant.  All trades involve economic risk; that is the nature of trading in the securities markets.  It cannot be the case that someone is less likely to be guilty of insider trading as a matter of law because the position he takes based on inside information is larger.  The defendant cites no case for this extraordinary proposition and to charge a jury on this basis would be to set the law upon its head.  If the defendant wishes to make this argument to the jury, however, he is of course free to do so.

Hon. P. Kevin Castel
February 17, 2017
Page 5 of 7

    h)  The Government objects to striking the language stating that personal benefit is "broadly defined." This language accurately tracks the law, and was given in *Stewart*, the only criminal post-*Newman* insider trading case tried in this District to date. It properly reflects the state of the law. By requesting that it be stricken, the defendant is asking the Court to suggest to the jury that the concept of benefit is narrower than the law defines, and this would be improper.

    i)  Also in the benefit section of the requested charge on page 22 of the Defendant's Proposed RTC, the defendant removed the language about tipping a family member, and added language referencing a "meaningfully close personal relationship." The Government has no objection to remove the language about family members, as it is not at issue in this case. As the Court is aware, the Government is currently challenging the ongoing vitality of the "meaningfully close personal relationship" language in the Circuit in *United States* v. *Martoma*, Docket No. 14-3599. The Government does not object to its inclusion in this case, however, in the interest of avoiding unnecessary litigation risk.

    j)  The defendant next proposes to strike language regarding the nature of the anticipated benefit the Government must show, specifically the language explaining that the benefit may be "modest" in nature (Def. RTC at 23). Given that the alleged profit to the defendant in this case is close to $40 million, and the actual financial benefits received by the tipper is less than $1 million, the Government submits that this language is appropriate and necessary in this case, in addition to being an accurate statement of the law.

    k)  Next, the defendant has proposed substituting the Government's phrase "done so" with "obtained" on page 23 of his Request to Charge. The use of the word "obtained" here implies that the defendant's act of learning the information must have been a breach of a duty, not the passing of it to the defendant with the intention that the defendant use the information to trade. This, of course, is not the law, and not consistent with our facts here, where Davis properly learned of the inside information through his role on the board of Dean Foods or under the terms of a confidentiality agreement with respect to Darden. The Court should reject this proposed change.

    l)  The Government objects to the inclusion of the defendant's proposed paragraph on page 24 of the Defendant's Proposed RTC, in its entirety. While it is technically an accurate statement of the law, its placement here is redundant and unnecessary, and more likely to confuse than aid the jury. Indeed, the defendant notes that he has "adapted" it from the charge given in *Martoma*, where Judge Gardephe provided this test before explaining the elements of securities fraud – the defendant's suggested placement here makes this addition nothing more than a redundant restatement of the elements that have already been clearly explained to the jury.

6. Request No. 15, Conspiracy to Commit Securities Fraud:

The Government objects to the defendant's proposed additional language, which appears in the first full paragraph on page 23 of the defendant's request to charge. First, although the language was used in the *Martoma* charge, it is confusing. Second, it appears to be redundant of concepts that will already have been articulated by the Court earlier in the charge. If the defendant has a clear sentiment that he wishes to include from this paragraph, the Government may be amenable.

7. Request No. 16, Wire Fraud:

The Government has no objection to the defendant's formulation.

8. Request No. 17, Conscious Avoidance:

The Government believes that the facts of this case, as will be presented at trial, will amply support the requested conscious avoidance charge. The Government anticipates that the Court will wish to hear how the evidence comes in on this point, however, and so believes that the issue can be addressed at the charge conference.

9. Defense Request No. 1, Ignore External Sources of Information:

The Government asks that the Court use its standard instruction on this issue.

10. Defense Request No. 2, Witness Credibility – Prior Perjury:

The Government objects to the inclusion of this charge, in that it raises – for the third time – the issue of witness credibility. Rather than including a separate instruction solely on this issue, if the Court is inclined to include language on the prior perjury of a cooperating witness in

the charge, it should be included in the instruction on accomplice/cooperating witness testimony, as a factor to be considered when scrutinizing the witness's credibility. This is especially true when, as is the case here, there will be only one cooperating witness testifying at trial.

        Respectfully Submitted,

        PREET BHARARA
        United States Attorney

By:   /S/Brooke E. Cucinella
        Daniel S. Goldman
        Brooke E. Cucinella
        Michael Ferrara
        Assistant United States Attorney
        (212) 637-2289/2477/2526

cc:   Barry H. Berke, Esq. (by ECF)
      Paul Schoeman, Esq. (by ECF)