**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

March 15, 2017

Via ECF

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    United States v. William T. Walters, No. S1 16 Cr. 338 (PKC)

Dear Judge Castel:

      We write on behalf of our client, William Walters, in response to the government's letter of earlier this evening regarding our anticipated use of analyst reports during the cross-examination of Mr. Engles.

      As the government acknowledged in Court earlier today, in its letter, and in another recent insider trading case in this District, analyst reports may be relevant and admissible to prove "that certain information was in the public domain." Government's Mem. of Law in Support of Motions *In Limine*, *United States v. Riley*, 13 Cr. 00339 (VEC) (March 26, 2014), ECF No 97 at 5; Trial Tr. 100, Mar. 15, 2017 (AUSA Goldman stating that information in analyst reports may be admitted "to declare a public fact"); *see also United States v. Forbes,* No. 02 Cr. 264 (AHN), 2006 WL 2792883, at *3 (D. Conn. Sept. 28, 2006) ("The government may offer the relevant portions of the analysts' reports for the limited, non-hearsay purpose of showing what was communicated to investors about CUC and Cendant by and through analysts and to illustrate that CUC management made particular representations to analysts."); *Johnson v. Pozen, Inc.*, No. 1:07 Civ. 599, 2009 WL 426235, at *2 (M.D.N.C. Feb. 19, 2009) ("[I]n securities fraud cases courts routinely take judicial notice of newspaper articles, analysts [sic] reports, and press releases in order to assess what the market knew at particular points in time . . . ."); *Chipman v. Aspenbio Pharma, Inc.*, No. 11 Civ. 00163-REB-KMT, 2012 WL 4069353, at *2 (D. Colo. Sept. 17, 2012) (taking judicial notice of analyst reports for purposes of motion to dismiss "for the limited purpose of showing that various disclosures were made and available to investors"); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010)

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Hon. P. Kevin Castel
March 15, 2017
Page 2

(taking judicial notice of analyst reports for purposes of motion to dismiss because "defendants have submitted those exhibits not for the truth of the matter asserted, but to show disclosure of information"). This makes sense, since the jury will be instructed that it may find that information is public if "it is available to the public" through any number of sources (including analyst reports), or even if it is known "only by a few securities analysts or professional investors." *United States v. Contorinis*, 692 F.3d 136, 143 (2d Cir. 2012).

Although analyst reports may also be admissible for other purposes, such as to establish Mr. Walters' state of mind, that is not the purpose for using the report in the cross examination of Mr. Engles. We intend to question Mr. Engles as to his understanding of how the market and the public understood and would understand the statements he and others made on behalf of Dean Foods with respect to the on-again off-again WhiteWave spin-off (such as statements about the company "unlocking value"). In particular, we intend to probe and put in context Mr. Engles' testimony, elicited today by the government, that he believed the public did not know about the spinoff prior to its announcement. Trial Tr. 76, Mar. 15, 2017. Moreover, because Mr. Engles made many statements about the possibility of a WhiteWave spinoff over a multi-year period, and those statements were both repeated and analyzed in analyst reports (and elsewhere), Mr. Engles is the witness who is best positioned to interpret and help the jury understand the significance of the company's statements and what the analysts said about the statements, and how all of this was understood in the investment community. Because the analyst reports were an integral part of the story and context for what the company was saying and what was public concerning the WhiteWave spinoff, we believe it is proper for us to explore these issues on our cross-examination of Mr. Engles.

Respectfully submitted,

/s/ Barry H. Berke
Barry H. Berke
Paul H. Schoeman

cc:   Brooke E. Cucinella (by ECF)
      Michael Ferrara (by ECF)
      Daniel S. Goldman (by ECF),
         Assistant United States Attorneys