UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                   16-cr-338 (PKC)

      -against-

                                                                               ORDER

WILLIAM WALTERS,

                         Defendant.
-----------------------------------------------------------x

CASTEL, DISTRICT JUDGE:

           It has now been over a year since the Court imposed a reporting requirement on the government in its investigation of leaks of grand jury material to the press by a supervisory Special Agent of the Federal Bureau of Investigation ("FBI"). The existence of unauthorized leaks by a supervisory agent of the FBI has been admitted by the government, and it has further conceded that it cannot defend against the assertion that the leaks included grand jury information. The extent of the leaks and the identity of other participants is not yet known to this Court. This Order is prompted by the Court's receipt of a March 12, 2018 report of the Public Integrity unit of the United States Department of Justice.

           Rule 6(e)(7), Fed. R. Crim. P., provides that "[a] knowing violation of Rule 6 . . . may be punished as contempt of court." Ordinarily, the decision to enforce a law of the United States imposing a criminal penalty is entrusted exclusively to the executive branch of government. Not so in the case of criminal contempt. The Court has the inherent power to appoint a private attorney to prosecute the contempt. Young v. United States ex rel. Vuitton et

Fils S.A., 481 U.S. 787 (1987).[1]  This is because contempt of court, including a violation of grand jury secrecy, undermines the integrity of the judicial process.

Where, as here, the conduct of persons within the executive branch of government is at issue it may be a prudent exercise of the Court's inherent power to appoint a private prosecutor.  This Court, so far, has elected to forbear.  The Office of the United States Attorney for this District ("USAO") advised that the Office of Public Integrity of the Department of Justice had opened a criminal investigation on December 20, 2016.  The USAO further advised that it was recused from the investigation and the Court approved transferring the reporting obligation that it imposed on the USAO to the Public Integrity unit.  (Order of Mar. 13, 2017; Doc 113.)  The Court has already had occasion to counsel (to use a charitable word) the Public Integrity unit for submitting a report with "four lines of text (beyond the introductory and concluding sentences) contain virtually no substance."  (Order of June 16, 2017; Doc 187.)

The Court will provisionally set aside June 27, 2018 at 4 p.m. for a session with the signatories of the March 12, 2018 letter to orally supplement, if the Court deems it necessary, the content of their June report.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 2, 2018

---

[1] "The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt."  Rule 42(a)(2), Fed. R. Crim. P.